**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

ANTHONY MATTHEWS,            :

      Plaintiff,            :            Case No.  3:16cv00148

vs.            :            District Judge Walter Herbert Rice
                                 Chief Magistrate Judge Sharon L. Ovington

UNITED STATES, *et al.*,            :

      Defendants.            :

---

**REPORT AND RECOMMENDATIONS[1]**

---

I.    **Introduction**

Plaintiff Anthony Matthews is a resident of Dayton, Ohio and a self-described

"sovereign freeman upon the land of the several [U]nited States of American possessing the

power of sovereignty."  (Doc. #2, *PageID#* 62).  He brings this case *pro se*, describing it as

"an administrative claim and complaint filed by a Secured Party Creditor (see attached

Financing Statement...) Anthony Matthews on his own behalf under 28 U.S.C. §1346(b) for

negligence, false imprisonment, theft, intentional infliction of emotional distress ...."  (Doc.

#2, *PageID#* 50).  He names as Defendants, "United States of America, Attorney General";

City of Trotwood, Ohio; Trotwood Police Department; and "Agent" Timothy Davis "badge

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#81" of the Trotwood Police Department. *Id*. at 46, 51.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint and attached documents, or any portion of them, must be dismissed because they advance claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 F.App'x 558, 559-60 (6th Cir. 2013).

## II.      Background

Plaintiff alleges that on December 21, 2015, he "was traveling in his Private Conveyance ... at a reasonable rate, not speeding or otherwise violating any moving vehicle codes or statutes under color of law." (Doc. #2, *PageID#* 52 (capitalization in original)). He was stopped by Defendant Davis who "gave no legitimate reason for stopping Plaintiff ...." *Id*. When Davis asked Plaintiff for his driver's license, Plaintiff told Davis that he "is not driving but is merely traveling in his Private Conveyance." *Id.* Davis then asked Plaintiff to get out of the car but he refused, telling Davis that "he will not leave his Private Property." *Id*. Plaintiff maintains, "Defendant Timothy Davis ... pulled the door of the Private Conveyance and opened it while pulling out his Taser and in a threatening motion pointed it at the Plaintiff... and stated I will hurt you." *Id*.

At this point, Plaintiff put his hands up and got out of his "Private Conveyance against his will." *Id*. Davis handcuffed Plaintiff, searched his pockets without his consent,

and placed him in a police car.  His vehicle was towed.  He was taken to the Montgomery

County Jail where he was fingerprinted, photographed, and questioned about personal and

private information, all "against his will."  *Id*.  Plaintiff remained in jail until the next

evening (approximately 20 hours).  Upon his release, he paid $181.25 to get his vehicle

back.

Plaintiff attaches to his complaint a copy of a traffic citation he received.  Although

difficult to read due to fading, the citation charges Plaintiff with driving with an expired

driver's license, driving without a seat belt, and another offense that is too faded to make

out.  *Id*. at 84.  He also attaches to his complaint a copy of a receipt documenting that his

Ford Explorer was towed on December 21, 2015, and that he paid $181.25 for the release of

his truck on December 22, 2015. *Id*. at 85.

Plaintiff asserts that he "was held and detained on non-criminal charges under color

of law....  [He] was held and detained for traffic violation under color of law."  *Id*.  at 52.  He

notes, "At all times, Plaintiff .... did assert his Common Law rights and has denied all other

jurisdiction until asserted and proved."  *Id*. at 53.  "The Defendants have attempted to bias

court proceedings through threats, intimidation and incarceration," according to Plaintiff.

*Id*.

Next, the Complaint drifts briefly into commercial law by stating, "Ohio has adopted

the Uniformed Commercial Code."  *Id*.  This reference apparently connects to his previous

mention of the Uniformed Commercial Code where he indicates that he "can provide proper

documents as to the Private Property filed upon his UCC financing statement (see

attached)." *Id*. at 52.  Plaintiff also asserts, "The Defendants have proceeded in a summary

fashion and not according to the rules of procedure of the Common Law....  The Defendants

are apparently conspiring to defeat the legal/civil rights of the Plaintiff, negligently."  *Id*. at

53.

The final pages of Plaintiff's Complaint mentions negligence, false imprisonment,

malicious prosecution, abuse of process, and intentional infliction of emotional distress.  He

explains, "The basis of this claim is $150,000 for the theft of private property, false

imprisonment, negligence and intentional infliction of emotional distress to Plaintiff under

28 U.S.C. §2513 for a sum certain of $150,000."  *Id*. at 50.  And he concludes, "As a result

of Defendants' conduct, Plaintiff has in the past and still suffers from violations and

deprivations of his Common Law and Constitutional Rights."  *Id*. at 56.

**\* \* \***

Additional documents attached to Plaintiff's Complaint include, in part, his

"Asservation and Declaration of Status" in which he explains that he is a "living, sentient,

male human being, live born [in] ... 1966 of the family/surname Matthews and given the

name Anthony David Matthews, as evidenced by Certificate of Birth ... recorded with the

State [Commonwealth] of Pennsylvania."  *Id*. at 62.  He describes his "separate

distinction/status (legal, lawful and otherwise) between Anthony David Matthews and

ANTHONY DAVID MATTHEWS© ...."  *Id*. at 61.  He elaborates at length, for example,

he writes, "ANTHONY DAVID MATTHEWS©..., [a] strawman, i.e., 'a front; a third party

who is put up in name only to take part in a transaction.'"  *Id.*  He next describes "Anthony

4

David Matthews" at length.  For instance, he states:

> Anthony David Matthews: ... A living, breathing, flesh and blood
> sentient man of DNA physical body, Divine Nature, Unalienable Soul, and
> Creator Spirit upon the land and of sound reason, mind, and memory, as
> distinguished from an abstract legal construct such as an artificial entity; man
> made juristic person; corporation, partnership association and like, nor is
> Affiant David Matthews a create of statute, i.e., not a 'Person' as
> defined/applied in the 14th Amendment to the Constitution ....

*Id.*

In another document, titled "Declaration of Independence by Public Notice," he

continues his theme of independent sovereignty: "I am not a citizen of **GREAT BRITAIN,**

**the BRITISH CROWN, the HOLY SEE, the UNITED STATES, the STATE OF OHIO**

or any other government."  *Id.* at 65 (emphasis in original).  And, again, he says he is not a

party to the "Constitution for the united [sic] States of America ...," and he is "a man and a

living Soul, NOT a legally created person ...."  *Id.*  (emphasis in original).  Perhaps most

significantly, Plaintiff states:

> I, am not a party to or subject of, and denies [sic] the compelled
> performance of, the Judges Chambers, the private copyrighted laws, statutes,
> ordinances, rules, codes, rules of courts used by ... **the UNITED STATES,
> the STATE OF OHIO** or any other governmental entity.

*Id.* (emphasis in original).

In his notarized "Affidavit of Truth," Plaintiff declares, in part, ""THAT, Affiant is a

natural born American National of the de jure United States of America and [is] not a U.S.

citizen...."  *Id.* at 68.

Additional documents attached to Plaintiff's Complaint are from a website belonging

5

to the so-called "United States Department of Travel," which is not an agency or department

of the United States government. *Id*. at 70-83. The website describes the United States

Department of Travel as a "Private automobile registration system for non-commercial

travelers." *Id*. at 71..

III.     **Applicable Standards**

The present *sua sponte* review begins by accepting Plaintiff's factual as true and

liberally construing his Complaint and attached documents in his favor. *Williams v. Curtin*,

631 F.3d 380, 383 (6th Cir. 2011).   The review determines if Plaintiff's Complaint and

attached documents raise claims that are frivolous, malicious, or seek monetary relief against

an immune defendant.  Plaintiff's Complaint may be dismissed as frivolous "if [he] fails to

present a claim with 'an arguable basis either in law or in fact.'"  *Brand v. Motley*, 526 F. 3d

921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A

pleading lacks an arguable legal basis when it presents "indisputably meritless" legal

theories – for example, when the defendant is immune from suit or when the plaintiff claims

a violation of a legal interest which clearly does not exist.  *See Neitzke*, 490 U.S. at 327-28;

*see also Brand*, 526 F.3d at 923.  A pleading lacks arguable facts when its allegations are

"fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke*, 490 U.S. at 327-28); *see*

*Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).

*Sua sponte* review might also result in dismissal of Plaintiff's Complaint and attached

documents, or any portion of them, when they fail to state a claim on which relief may be

granted.  28 U.S.C. §1915(e)(2)(B)(ii); *see Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir.

2010).  To state a claim upon which relief may be granted, Plaintiff's pleadings "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, in part, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

## IV.    Analysis

Accepting Plaintiff's well pled allegations as true and liberally construing his *pro se* Complaint in his favor, *Curtin*, 631 F.3d at 383, the bulk of his allegations and claims arise under state common law.  Diversity jurisdiction over state-law claims "attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989).  The Complaint fails to indicate facts showing that Plaintiff and each Defendant are citizens of different states.   The Court therefore lacks diversity jurisdiction over Plaintiff's state-law claims.

Plaintiff's Complaint does, however, occasionally refer to violations of his constitutional rights.  *E.g.,* Doc. 2, *PageID#* 54.  The potential federal claims that might arise from those references in Plaintiff's Complaint and attached documents, when liberally construed in his favor, trigger the Court's federal question jurisdiction.  *See* 28 U.S.C. §1331.  The present *sua sponte* review thus turns to Plaintiff's potential federal constitutional claims.

Plaintiff's Complaint and attached documents assert the indisputably meritless legal theory that he is a free sovereign, a "living, breathing, flesh and blood sentient man of DNA physical body...," rather than a citizen of the United States or the State of Ohio – or Great Britain, for that matter – and he has an inviolate right to travel as a non-commercial user of highways, streets, and roadways in the United States.   Little needs to be said about this legal theory because courts "have repeatedly rejected ... theories of individual sovereignty, immunity from prosecution, and their ilk." *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011); *see United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *see also DuBose v. Kasich*, No. 2:11-CV-00071, 2013 WL 164506, at *3 (S.D. Ohio Jan. 15, 2013) (Sargus, D.J.) (and cases cited therein).  Because his Complaint raises "indisputably meritless" legal theories concerning, it lacks an arguable basis in law and is therefore frivolous and subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(i).  *See Neitzke*, 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Plaintiff's Complaint and attached documents also fail to raise a plausible claim for relief for several reasons.  His allegations do not contain sufficient information to allow the Court to draw a reasonable inference that any of the Defendants violated his federal constitutional rights.  Instead, the Complaint simply documents the events – the traffic stop, his arrest, the towing of his truck, his detention, and the cost he incurred to retrieve his truck from the towing company – with "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citation and brackets omitted).  The Complaint, moreover, repeatedly

8

advances bare conclusions, such as "Defendants falsely arrest and detain under the color of

law," Defendants falsely imprison under color of law," "Defendants attempt to prosecute

matters in the name of the State of Ohio."  (Doc. #2, *PageID#* 53).  To the extent the

Complaint asserts a claim that Defendants conspired to violate his federal constitutional

rights, its conclusory allegations fail to allow a reasonable inference that such a conspiracy

existed. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011) ("[i]t is

well-settled that conspiracy claims must be pled with some degree of specificity and that

vague and conclusory allegations unsupported by material facts will not be sufficient to state

such a claim....").  For each of these reasons, Plaintiff's Complaint fails to raise a plausible

federal-constitutional claim upon which relief can be granted.  *See Iqbal*, 556 U.S. at 678-

79.

Plaintiff's federal claims, moreover, are not cognizable under 42 U.S.C. §1983

because the Complaint fails to indicate that his traffic citations or convictions have bee

vacated, set aside, or otherwise altered.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994);

*see Hohmann v. Miller*, No. 1:15-CV-1200, 2016 WL 1450202 at * 3 ( M.D. Pa., April 13,

2016).

As noted above, Plaintiff's Complaint also asserts common-law claims that arise

under state law.  In the absence of a plausible federal claim, exercise of supplemental

jurisdiction over these or other state claims is unwarranted.  *See Musson Theatrical, Inc. v.*

*Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Accordingly, for all the above reasons, Plaintiff's Complaint is subject to dismissal

under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

## IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff Anthony Matthews' Complaint be DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii);

2.    The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal from this Court, if any, would not be taken in good faith; and,

3.    The case be terminated on the docket of this Court.


May 9, 2016                                                s/Sharon L. Ovington
                                                      Sharon L. Ovington
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)©, (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).