IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY MATTHEWS, :

    Plaintiff,

v. : Case No. 3:16-cv-148

UNITED STATES, *et al.*, : JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #4); OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC. #5); DISMISSING FEDERAL CLAIMS WITH PREJUDICE, AND DISMISSING STATE CLAIMS WITHOUT PREJUDICE; JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; DENYING ANTICIPATED REQUEST FOR LEAVE TO APPEAL *IN FORMA PAUPERIS* AND CERTIFICATE OF APPEALABILITY; TERMINATION ENTRY

---

Based on the reasoning and citations of authority set forth by United States Chief Magistrate Judge Sharon L. Ovington in her May 9, 2016, Report and Recommendations, Doc. #4, as well as on a thorough *de novo* review of this Court's docket and the applicable law, the Court ADOPTS said judicial filing in its entirety. Plaintiff's Objections to the Report and Recommendations, Doc. #5, are OVERRULED as meritless. In so ruling, the Court makes the following, non-exclusive observations:

1. Plaintiff's reliance on the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 is misplaced. That statute applies only to torts committed by *federal* employees. Plaintiff's Complaint is devoid of any allegations of wrongdoing by federal employees.

2. Plaintiff denies that he has asserted any civil rights claims. However, to the extent that the Complaint could be read to seek recovery under 42 U.S.C. § 1983 for alleged violations of Plaintiff's Fourth Amendment rights in connection with the traffic stop and subsequent arrest, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff has not alleged that his conviction was vacated, set aside or otherwise declared invalid.[1] *See Heck*, 512 U.S. at 486-87 ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, [or] declared invalid by a state tribunal authorized to make such determination. . . ").

3. Plaintiff has failed to state a claim upon which relief may be granted under either the FTCA or § 1983. Having dismissed all possible federal claims, the

---

[1] Public records show that Plaintiff pled guilty to displaying fictitious license plates, a fourth degree misdemeanor. The other charges were dismissed.

2

Court declines to exercise supplemental jurisdiction over any state law claims presented. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (holding that if federal claims are dismissed before trial, the state claims should be dismissed as well); 29 U.S.C. § 1367(c)(3).

For the reasons set forth above, Plaintiff's federal claims are DISMISSED WITH PREJUDICE, and his state claims are DISMISSED WITHOUT PREJUDICE. Judgment shall be entered in favor of Defendants and against Plaintiff.

Given that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal would be *objectively* frivolous, Plaintiff is denied a certificate of appealability, and denied leave to appeal *in forma pauperis*.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: May 23, 2016 _____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE