IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANTHONY MATTHEWS, :

    Plaintiff, : Case No. 3:16cv00148

vs. : District Judge Walter Herbert Rice
    Chief Magistrate Judge Sharon L. Ovington

UNITED STATES, *et al.*, :

    Defendants. :

## REPORT AND RECOMMENDATIONS[1]

On May 23, 2016, the Court issued and Decision and Entry dismissing Plaintiff's federal claims with prejudice and dismissing his state claims without prejudice. Judgment was then entered in favor of Defendants and against Plaintiff. (Doc. #s 6, 7).

More than two months later, on August 11, 2016, Plaintiff submitted to the Clerk of Court a document captioned "Cause of Action." (Doc. #8). Soon after, he filed a Notice stating, "the Criminal Complaint that he filed on August 11, 2016 is not a part of the instant matter and should be filed in the Constitutional [sic] file or miscellaneous file with a separate file number than the instant matter ...." (Doc. #9). He also asserts that he did not receive a copy of the final May 23, 2016 order dismissing this case, and that there was no response to his Objections (to a Report and Recommendations). (Doc. #9). He thus

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

asks for a copy of the final order of 5/3/2016 so that he may appeal to a higher court.

Plaintiff's pro se characterization of his Cause of Action as a Criminal Complaint is inaccurate. Although he cites to various federal criminal statutes and, in general, may describe his Cause of Action as he wishes, his Cause of Action must rest on an arguable legal basis. It does not. Plaintiff attempts to bring a federal criminal case against those he describes as Defendants in his Cause of Action. Only the Executive Branch of the United States Government can bring criminal charges against a Defendant under federal criminal law. *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case ....") (citing *Confiscation Cases*, 7 Wall. 454, 19 L.Ed. 196 (1869) (other citation omitted); see *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Plaintiff's citations to various federal criminal statutes, various provisions of the United States Constitution, and various other sources, do not identify a viable legal basis upon which he may circumvent the duty held exclusively by the Executive Branch of Government to prosecute federal criminal actions. This remain so even though Plaintiff attaches to his Cause of Action a document titled:

UNITED STATES CONSTITUTION CITATION
CRIMINAL COMPLAINT
AFFIDAVIT AND BRIEF OF INFORMATION

(Doc. #8, *PageID* #s 124-33) (capitalization in original). Review of this document reveals

2

no basis in law or fact upon which Plaintiff could circumvent the Executive Branch's "exclusive authority and absolute discretion ..." to prosecute a federal criminal case. *Nixon*, 418 U.S. at 693.

Additionally, Plaintiff's Cause of Action speaks almost entirely in terms arising in civil actions. For example, he seeks civil remedies including $5,000,000 in compensatory damages and injunctive relief (preventing "Defendants from future and present negligence to Plaintiff with false imprisonment...," etc.). (Doc. #8, *PageID* #122). Such relief is not available to Plaintiff under federal criminal law.

Perhaps most significantly, Plaintiff's Cause of Action identifies many facts and claims previously raised in his Complaint in this case. Construing his pro se Cause of Action liberally in his favor, he might seek to proceed under Fed. R. Civ. P. 60(b), which addresses the potential grounds for obtaining relief from Judgment. Yet, by merely reiterating the same facts, circumstances, and groundless legal theories, Plaintiff's Cause of Action fails to trigger relief under Rule 60(b). A review, moreover, of the record in this case does not indicate the presence of any error in the adoption of the Report and Recommendations and dismissal of this case. (Doc. #s 4, 5, 6). It likewise does not appear that relief from judgment is justified by any other reason. *See* Fed. R. Civ. P. 60(b)(1)-(6).

Lastly, although Plaintiff asserts in his Notice that he never received a copy of the Court's May 23, 2016 dismissal, the record reveals that the Clerk of Court mailed a

3

copy of the Judgment and Decision and Entry, which addressed Plaintiff's Objections, to Plaintiff at his address of record. The mail was not returned to the Clerk as undeliverable, and Plaintiff has not changed his address of record.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Cause of Action and Notice (Doc. #s 8, 9) be DISMISSED; and,

2. The case remain terminated on the docket of this Court.

September 8, 2016

          s/Sharon L. Ovington
          Sharon L. Ovington
       Chief United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).